THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                       PLAINTIFF

v.                                       Case No. 6:20-cr-60010

REDMON LOGAN                                                                                   DEFENDANT

## ORDER

Before the Court is the Report and Recommendation ("R&R") filed November 29, 2023, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 63). Defendant Redmon Logan ("Defendant") has objected. (ECF No. 64). The Court finds the matter ripe for consideration.

### I.    BACKGROUND

On October 13, 2020, Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 39, at 1). On October 5, 2021, Defendant was sentenced to ninety-two (92) months of imprisonment. (ECF No. 51). On July 21, 2023, Defendant filed a *pro se* Motion to Vacate (ECF No. 53) under 28 U.S.C. § 2255. On November 29, 2023, the instant R&R was filed. (ECF No. 63). In the R&R, Judge Bryant recommends that Defendant's petition be denied because he was required to file his 28 U.S.C. § 2255 petition by October 20, 2022, and instead filed it on July 21, 2023. *Id*. at 5. Further, Judge Bryant recommends that no basis for equitable tolling exists to excuse the delay and, thus, Defendant's petition should be dismissed with prejudice. *Id*.

On December 18, 2023, Defendant filed an Objection to Judge Bryant's R&R. (ECF No. 64). Defendant objects to Judge Bryant's finding that there is no basis for equitable tolling. *Id*. Defendant argues that equitable tolling should apply because the facility he was incarcerated in

had frequent lockdowns with limited access to a law library and the internal prison mail system. *Id*. at 3. Defendant also argues that he was diligent in pursuing his rights and that extraordinary circumstances prevented him from timely filing his petition. *Id*. at 4.

## II.    STANDARD OF REVIEW

"The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition." *Bramlett v. Wellpath, LLC*, No. 6:19-cv-6070, 2020 WL 4748049, at *1 (W.D. Ark. Aug. 17, 2020). After reviewing a magistrate judge's report and recommendations under the appropriate standard of review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). "The Court applies a liberal construction when determining whether *pro se* objections are specific." *Raper v. Maxwell*, No. 4:21-cv-4067, 2022 WL 1978690, at *1 (W.D. Ark. June 6, 2022) (citation omitted). If the prisoner "files timely and specific objections" to the magistrate's report and recommendations, then "the district court makes 'a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made.'" *Branch v. Martin*, 886 F.2d 1043, 1045 (8th Cir. 1989) (citation omitted). "When conducting *de novo* review, the district court makes its own determinations of disputed issues and does not decide whether the magistrate's proposed findings are clearly erroneous." *Id.* at 1046. Alternatively, if the Plaintiff does not timely and specifically object to the report and recommendation, the Court reviews that report and recommendation for clear error. *See Raper*, 2022 WL 1978690, at *2;

*see also Thornton v. Walker*, No. 4:22-cv-4114, 2023 WL 3063381, at *1 (W.D. Ark. Apr. 24, 2023) (applying a clear-error standard where Plaintiff's objections did not "specifically address any aspect of [the magistrate judge's] analysis or reasoning"); *Engledow v. Comm'r of Soc. Sec.*, No. 20-cv-4, 2021 WL 916925, at *3 (N.D. Iowa Mar. 10, 2021) (explaining that de novo review is appropriate where objections are not "more than . . . conclusory" and are not "accompanied by legal authority and argument in support" (citations omitted)). The Court will review Judge Bryant's findings *de novo*.

### III. DISCUSSION

#### A. Timeliness of the Petition

In the R&R, Judge Bryant found that pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Defendant's petition was untimely. Under 28 U.S.C. § 2255(f)(1), a defendant has one year from the date on which the judgment becomes final to file a petition challenging his conviction in federal court. Judge Bryant found that Defendant's judgment became final on October 20, 2021, when fourteen (14) days passed without an appeal being filed. (ECF No. 63, at 3). Judge Bryant then found that because Defendant did not file an appeal, he had one year or until October 20, 2022, to file a timely § 2255 petition. *Id*. Judge Bryant further found that 28 U.S.C. § 2255(f)(3) did not apply because Defendant based his argument on a Third Circuit case instead of a case from the Supreme Court.[1] *Id*.

Defendant objects to these findings. Defendant argues that he did not base his argument pursuant to 28 U.S.C. § 2255(f)(3) on a Third Circuit case. (ECF No. 64, at 3). Instead, he contends that he based his petition on *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597

---

[1] Section 2255(f)(3) provides that the one-year statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

3

U.S. 1, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). *Id*. However, there is a flaw with Defendant's argument. Even assuming arguendo that *Bruen* did apply to Defendant, *Bruen* was filed on June 23, 2022. Thus, Defendant would have one year from June 23, 2022, or until June 23, 2023, to file a timely § 2255 petition. However, Defendant filed his § 2255 petition on July 21, 2023, which is still untimely by one month. Because Defendant's petition would still be untimely, the Court need not delve into whether *Bruen* recognizes a new right.[2]

### B. Equitable Tolling

In general, "equitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently, but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 11, 134 S. Ct. 1224, 1231, 188 L. Ed. 2d 200 (2014) (citing *Pace v. DiGuglielmo*, 554 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.E. 2d 669 (2005)). The Eighth Circuit has held that equitable tolling applies to 28 U.S.C. § 2255 petitions. *See United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005) (citations omitted). To show equitable tolling, a petitioner must provide: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Martin v. Fayram*, 849 F.3d 691, 698 (8th Cir. 2017) (quoting *Holland v. Florida,* 560 U.S. 631, 649, 130 S.Ct. 2549, 2562, 177 L.Ed. 2d 130 (2010)). "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted

---

[2]Other courts in the Eighth Circuit facing similar situations have found that *Bruen* did not recognize a new right. The "Eighth Circuit precedent . . . forecloses [the petitioners] position." *Swearengen v. United States*, No. 4:24-CV-01117-SRC, 2024 WL 4459347, at *2 (E.D. Mo. Oct. 10, 2024). "In *United States v. Jackson*, the court held that section 922(g)(1) is constitutional as applied to a defendant and explained 'that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1).'" *Id*. (quoting *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024)). *See Jacskson*, 110 F.4th at 1125 (rejecting the argument that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied after *Bruen*). *See also United States v. Young*, No. 24-2016, 2024 WL 4779556, at *1 (8th Cir. Nov. 14, 2024) (reaffirming that [the defendant's] constitutional challenge under [*Bruen*] has been rejected by the Eighth Circuit).

statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (citations omitted). "[P]ro se status, lack of knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (citation omitted).

Defendant states that because of frequent lockdowns at the prison, delays in legal mail, and his lack of knowledge concerning the recourse provided by a § 2255 petition, equitable tolling should be applied. Defendant argues that he was diligent in pursuing his rights and he wrote his *pro se* petition as quickly as he was able. While Defendant stresses his diligence, he fails to state what form that diligence took when not subject to lockdowns or what steps he took to protect his rights. Further, the Court fails to see how Defendant could have been pursuing his rights diligently since October 20, 2021, when he only learned about said rights in July of 2023 from another inmate.[3] Thus, the Court finds that Defendant did not exercise diligence in pursuing his rights.

Defendant argues that he could not access the prison law library while under the periodic lockdowns. However, Defendant clearly states that he still had limited access to the law library when the prison was not under lockdown and limited access alone is insufficient to show extraordinary circumstances. *See Earl v. Fabian*, 556 F.3d 717, 725 (8th Cir. 2009) (citation omitted) (finding that limited access to the law library is not an extraordinary circumstance because there is no freestanding constitutional right to a particular number of hours in the law library).

Defendant also argues that understaffing in the prison caused his legal mail to be delayed.

---

[3] ". . . [B]ut it was not until July [of 2023] when he received assistance from another inmate in the law library that he realized his rights under § 2255." (ECF No. 64, at 5).

5

However, the Court fails to see how delayed mail could rise to such a level of extraordinary circumstances to cause Defendant to file his petition nine months past the deadline. Lastly, Defendant's argument that he was unaware of his rights under § 2255 until July of 2023 also fails to show extraordinary circumstances. Even when *pro se*, petitioners lack of legal knowledge is not enough to constitute extraordinary circumstances. *See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (finding that even with a *pro se* prisoner alleging a lack of legal knowledge or legal resources, equitable tolling was not warranted). The Court fails to find any extraordinary circumstances that would excuse filing past the one-year deadline. Thus, the instant petition is time-barred pursuant to the AEDPA one-year statute of limitations.[4]

## IV.    CONCLUSION

Upon *de novo* review and for the foregoing reasons, the Court adopts Judge Bryant's Report and Recommendation *in toto*. The Court finds that Defendant's Motion to Vacate (ECF No. 53) under 28 U.S.C. § 2255 should be and hereby is **DENIED WITH PREJUDICE**. Further, no Certificate of Appealability will be issued in this matter.

**IT IS SO ORDERED**, this 10th day of January, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[4] The Court notes that its above findings would remain the same even assuming arguendo that *Bruen* was used as the starting date and Defendant's petition was untimely by one month.